UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERTO PETERSON, | § | |
| | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-CV-1311-B |
| | § | |
| SOUTHWEST AIRLINES CO., | § | |
| | § | |
|   Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Southwest Airlines Co. ("Southwest")'s Motion to Disqualify Richard T. Stilwell, Amanda R. Pierson, and the Stilwell Law Firm, PLLC (collectively "Stilwell") (Doc. 11). The issue presented is whether Stilwell's prior representation of Southwest is substantially related to its current representation of Plaintiff Roberto Peterson. As explained below, the Court finds that it is not, and therefore **DENIES** Southwest's motion.

## I.

## BACKGROUND

This is a personal injury case. On June 7, 2021, Plaintiff filed the instant suit alleging that he was injured while onboard a Southwest flight when the plane "encountered severe turbulence shortly after take-off," causing him to be "violently thrown and jostled in the aircraft." Doc. 1-6, Pet., ¶ 10. According to Plaintiff, "Southwest . . . , its dispatcher, and its pilot knew and could forecast that weather conditions would impact the planned flight path at the time of take-off . . . yet they failed to take any reasonable or accepted action to protect the passengers onboard." *Id.* ¶ 9. Plaintiff claims

that Southwest's decision "to take off and fly into these weather conditions" is actionable negligence. *Id.* ¶¶ 12–16.

Plaintiff is represented in this suit by Stilwell. The parties agree that, from 2017 to 2020, Stilwell served as Southwest's defense counsel in state court case styled *Ford v. Southwest Airlines, Co. et al.* Doc. 11, Def.'s Mot., ¶ 2; Doc. 14, Pl.'s Resp., 2–3. On October 27, 2021, Southwest filed the instant motion to disqualify Stilwell from representing Plaintiff in this action. Southwest moves for Stilwell's disqualification based on its assertion that there is an impermissible substantial relationship between *Ford* and the instant case, such that Stilwell cannot represent Plaintiff in this case without Southwest's written consent. *See* Doc. 11, Def.'s Mot., 8. Southwest's motion is fully briefed and ripe for review.

## II.

## LEGAL STANDARD

Motions to disqualify are substantive in nature and are thus decided under federal law. *FDIC v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1312 (5th Cir. 1995). "When considering motions to disqualify, courts should first look to the local rules promulgated by the local court itself," *In re ProEducation Int'l, Inc.*, 587 F.3d 296, 299 (5th Cir. 2009), although "[l]ocal rules are not the 'sole' authority governing motions to disqualify counsel." *U.S. Fire Ins. Co.*, 50 F.3d at 1312. For example, attorneys practicing in the Northern District of Texas are subject to the Texas Disciplinary Rules of Professional Conduct. *See John Crane Prod. Sols., Inc. v. R2R & D, LLC*, 2012 WL 3453696, at *2 (N.D. Tex. Aug. 14, 2012) (citing N.D. Tex. Civ. R. 83.8(e)). Moreover, "[t]he Fifth Circuit recognizes the [American Bar Association ("ABA")] Model Rules of Professional Conduct . . . as the national standards to consider in reviewing motions to disqualify." *In re ProEducation*, 585 F.3d at

299. Therefore, when deciding a motion to disqualify, this Court "consider[s] both the Texas Rules and the Model Rules." *Id.*

ABA Model Rule 1.9 prohibits a firm from being adverse to a former client in a substantially related manner without the former client's consent:

> (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a *substantially related matter* in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

Model Rules of Pro. Conduct r. 1.9 (Am. Bar Ass'n 2019) (emphasis added).

"ABA Rule 1.9 is identical to Texas Rule 1.09 in all important respects," *John Crane*, 2012 WL 3453696, at *2 (quoting *In re Am. Airlines, Inc.*, 972 F.2d 605, 615 n.2 (5th Cir. 1992)). Texas Rule 1.09 states:

> Without prior consent, a lawyer who personally has formerly represented a client in a matter shall not thereafter represent another person in a matter adverse to the former client . . . if it is the same or substantially related matter.

Tex. Disciplinary Rules Prof'l Conduct R. 1.09(a)(3).

The Fifth Circuit has proscribed a two-part test to determine whether disqualification is required on the basis of a substantial relationship: "1) an actual attorney–client relationship between the moving party and the attorney [it] seeks to disqualify and 2) a substantial relationship between the subject matter of the former and present representations." *In re Am. Airlines*, 972 F.2d at 614. "[T]he party seeking disqualification bears the burden of proving that the present and prior representations are substantially related." *Id.* To meet this burden, the moving party must offer more than conclusory statements that the two matters are related; the movant must specifically identify the overlapping "subject matters, issues, and causes of action" so as to allow "the court [to] engage[] in a 'painstaking analysis of the facts and precise application of precedent.'" *Id.* (quoting *Duncan v.*

*Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 646 F.2d 1020, 1029 (5th Cir. Unit B June 1981)); *see Tierra Tech de Mex., S.A. de C.V. v. Purvis Equip. Corp.*, 2016 WL 5791548, at *3 (N.D. Tex. Oct. 4, 2016).

"Once it is established that the prior matter[] [is] substantially related to the present case, the court will irrebuttably presume that relevant confidential information was disclosed during the former period of representation." *In re Am. Airlines*, 972 F.2d at 614 (citations and internal quotations omitted). Even if the matters are not substantially related, a court should consider whether confidential information obtained in the prior representation may be divulged. *Id.* at 615. "[T]he moving party must 'identify the disclosures it made to [its former attorney] during its former representation and demonstrate that such disclosures are relevant to and jeopardized by [its former attorney's] current representation of the [opposing party]." *Hutton v. Parker-Hannifin Corp.*, 2016 WL 4140736, at *6 (S.D. Tex. Aug. 4, 2016) (second, third, and fourth alterations in original) (quoting *Dean Witter Reynolds, Inc. v. Clements, O'Neill, Pierce & Nickens, L.L.P.*, 2000 WL 36098499, at *10 (S.D. Tex. Sept. 8, 2000)). Conclusory assertions devoid of detail and evidentiary support fail to satisfy the test. *See Church of Scientology of Cali. v. McLean*, 615 F.2d 691, 692–93 (5th Cir. 1980); *Ortiz v. Jichasa, LLC*, 2017 WL 8181560, at *2 (W.D. Tex. Apr. 25, 2017).

All in all, disqualification is a severe sanction. "Depriving a party of the right to be represented by the attorney of his . . . choice is a penalty that must not be imposed without careful consideration." *U.S. Fire Ins. Co.*, 50 F.3d at 1313. Courts must consider the particular facts of each case in the context of the relevant ethical guidelines and with deference to a litigant's rights. *In re ProEducation*, 587 F.3d at 300 (citing *U.S. Fire Ins. Co.*, 50 F.3d at 1314).

## III.

## ANALYSIS

Southwest argues that Stilwell should be disqualified because this lawsuit substantially relates to Stilwell's prior representation of Southwest in *Ford*. Doc. 11, Def.'s Mot., ¶ 5. The parties do not dispute the existence of Southwest and Stilwell's previous attorney–client relationship. *Id.*; *see* Doc. 14, Pl.'s Resp., 8. But in reviewing the facts, the Court finds that Southwest has failed to carry its burden to show a substantial relationship between Stilwell's former representation of Southwest in *Ford* and the current dispute.[1]

*Ford* concerned a Southwest passenger's allegations that that he was harmed by Southwest's negligence during the boarding process. Doc. 11-2, Ford Pet., ¶¶ 12–15. The plaintiff, who was paralyzed from the waist down, alleged that Southwest employees "failed to strap [him] into [a] transition wheelchair and allowed [him] to fall out of the . . . wheelchair," causing him serious injuries. *Id.* ¶ 12. During its representation of Southwest in *Ford*, Stilwell filed an unsuccessful motion to dismiss, designated a responsible third party, served the plaintiff with written discovery, filed a motion to compel, and objected to a motion for continuance. *See* Doc. 14, Pl.'s Resp., 3–4; Doc. 14-1, Stilwell Decl., ¶¶ 12, 14–16; Doc. 11-5, Ford Info Sheet, 3–5. Southwest was not served with any discovery requests. *See* Doc. 14-1, Stilwell Decl., ¶¶ 8–10; Doc. 11-5, Ford Info Sheet, 3–5. Ultimately, the case was nonsuited on January 24, 2020. Doc. 11-4, Order Nonsuit.

---

[1] Because the Court concludes that Richard T. Stilwell and The Stilwell Law Firm, PLLC's past representation of Southwest does not substantially relate to their representation of Plaintiff, the Court need not address whether any conflicts are imputed to Amanda R. Pierson. For the same reason, the Court does not discuss Plaintiff's argument that any conflicts concerning Stilwell's current representation were waived.

Southwest claims that Stilwell's representation in *Ford* has a substantial relationship to the present case because "[b]oth matters are personal injury suits alleging that Southwest was negligent, and that Southwest's negligence injured each respective plaintiff."[2] Doc. 11, Def.'s Mot., ¶ 17. Plaintiff responds that the cases are factually and legally distinct and argues that Southwest's motion fails to "present any evidence of any substantial relationship between the two cases." Doc. 14, Pl.'s Resp., 8–9. The Court agrees with Plaintiff.

Throughout its briefing, Southwest insists that it need not show that the cases are exactly alike. *See* Doc. 11, Def.'s Mot, ¶ 16; Doc. 15, Def.'s Reply, ¶¶ 3, 8–9. The Court agrees, but this does not discharge Southwest of its burden to show that the cases are substantially related. To determine whether two representations are substantially related, the Court "must look behind mere facial similarities or dissimilarities between the prior and pending cases and focus on the precise nature of the subject matters presented in the two representations." *Duncan*, 646 F.2d at 1031. For this reason, the fact that past and present representations concern similar or even identical causes of action does not, by itself, warrant disqualification. *See In re Am. Airlines*, 972 F.2d at 625 ("A substantial relationship exists when the prior representation concerns 'the particular practices and procedures which are the subject matter of [the] suit.'"); *cf. John Crane*, 2012 WL 3453696, at *7 ("[T]he fact that the representations involved the same area of law (intellectual property), or even the same . . . trademark, is insufficient to meet the substantial relationship test."); *M-I LLC v. Stelly*, 2010 WL 2196281, at *7 (S.D. Tex. May 26, 2010) ("[C]ommon subject matter [can] be the basis for

---

[2] Southwest also states that "[b]oth cases allege that the plaintiffs' injuries occurred while onboard a [Southwest] flight." Doc. 11, Def.'s Mot., ¶ 17. This characterization appears imprecise. Although the *Ford* petition suggests that the plaintiff took issue with how flight staff "looked at him" upon reaching his seat, it expressly states that "[a]fter [the plaintiff] fell out of [his] transition chair . . . [he was] violently rolled . . . onto the plane." Doc. 11-2, Ford Pet., ¶ 13.

substantial relation between two cases. However, any common area of law, writ broadly, will not do."). Finding otherwise would endorse a disfavored mechanical application of the substantial relationship test devoid of any "painstaking" factual inquiry into the relatedness of the representations. *See In re Am. Airlines, Inc.*, 972 F.2d at 614 ("[W]e have never applied the [substantial relationship] test in a mechanical way that might 'prevent[] an attorney from ever representing an interest adverse to that of a former client.'" (quoting *Duncan*, 646 F.2d at 1027–28)). This is especially true here, where the cause of action at issue (negligence) encompasses a virtually limitless number of contexts. Thus, the Court looks beyond the similar causes of action to consider "the precise nature of the subject matters presented in the two representations." *Duncan*, 626 F.2d at 1031.

Turning to "particular practices and procedures which are the subject matter of [the] suit," *In re Am. Airlines*, 972 F.2d at 625, the Court finds that Southwest has failed to show that Stilwell's representation in *Ford* is anything more than superficially related to the present case. The negligence claim in *Ford* concerned Southwest's purported breach of a duty of care related to transporting disabled passengers onto aircraft during boarding. *See* Doc. 11-2, Ford Pet., ¶¶ 12–15. Plaintiff's negligence claim in the instant case is grounded in Southwest's alleged breach of a duty of care regarding flight planning and avoidance of known, dangerous weather conditions. *See* Doc. 1-6, Pet., ¶¶ 12–16. Thus, it is unclear to the Court how the specific duties, practices, policies, and procedures underlying each case overlap, and Southwest offers no substantive explanation for how they do.

At most, Southwest alleges that, through the *Ford* case, Stilwell obtained "confidential information on [Southwest's] inner workings, including employee training, the chain of command, and decision-making procedures." Doc. 11, Def.'s Mot., ¶ 3. Southwest also speculates that

"[b]ecause both[] this case and [*Ford*] involve alleged negligence, the information that [Southwest] would have provided Stilwell to review [for *Ford*] would have been similar." *Id.* ¶ 19. But absent supporting material, these allegations are too vague and conclusory to allow the Court "to engage in a 'painstaking analysis of the facts.'" *Duncan*, 464 F.2d at 1029; *cf. Hampton v. Daybrook Fisheries, Inc.*, 2001 WL 1444933, at *3 (E.D. La. Nov. 14, 2001) (denying a motion to disqualify where the movant argued "in a general way that [its former attorney] was privy to information regarding [its] financial status, defense strategies, claims evaluation procedures, and settlement goals" in the kinds of personal injury suit at issue).

This conclusion is supported by the Fifth Circuit's opinion in *Duncan*. In that case, the Fifth Circuit considered a movant's claim that opposing counsel should be disqualified on the basis of several past representations. *See Duncan*, 464 F.2d at 1027–29. In rejecting the movant's arguments as to two of the past representations, the Fifth Circuit emphasized the movant's failure to specify or explain the precise relationship between the past and present representations:

> [Movant] again points out that [the prior representations] involved causes of action arising under federal and state securities laws, but it makes no attempt to describe the precise issues involved in those cases or to relate those issues to the questions raised in [the present] suit. Similarly, [Movant] states that [one prior representation] pertained to "[Movant's] procedures for handling margin accounts," but it does not explain how the margin account question raised in that case relates to the margin account question presented in the present case. The discussion of these cases, therefore, contains the same flaw as before: [Movant] has described only a general, superficial connection between the subject matters of these cases and that of [the present] suit. Again, we are left to guess the precise nature of the relationship between the pending and former representation. A more careful comparison is required, however, before disqualification will be granted.

*Id.* at 1029–30.

Here, like in *Duncan*, Southwest's motion leaves the Court "to guess the precise nature of the relationship between the pending and former representation." *See id.* at 1030. As such, the Court

finds that Southwest has not met its burden to show a substantial relationship between *Ford* and the present case. Further, because Southwest has failed to "identify the disclosures it made to [Stilwell] during [the *Ford*] representation and demonstrate that such disclosures are relevant to and jeopardized by [Stilwell's] current representation of [Plaintiff,]" the Court finds no threat that Southwest's confidential information will be divulged through Stilwell's representation of Plaintiff. *See Hutton*, 2016 WL 4140736, at *6. As such, Stilwell is not disqualified from representing Plaintiff in this case.

## IV.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Southwest's Motion (Doc. 11).

**SO ORDERED**.

**SIGNED: February 23, 2022.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE