UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERTO PETERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-CV-1311-B |
| | § | |
| SOUTHWEST AIRLINES CO., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Southwest Airlines Co. ("Southwest")'s Motion for Summary Judgment (Doc. 35). Because the Court finds Plaintiff Roberto Peterson failed to show a breach of duty and did not timely allege violation of a penal statute, the Court **GRANTS** the Motion.

## I.

## BACKGROUND

This is a negligence action stemming from a turbulent Southwest flight. On June 11, 2019, Peterson was traveling to Los Angeles, California with his daughter and his nephew. Doc. 36-1, Pl.'s App., 160. That afternoon, they boarded their connecting flight: Southwest flight 487 from Dallas, Texas to Las Vegas, Nevada. *Id.* at 149, 160. Before the airplane took off, the pilot announced the flight might encounter turbulence. *Id.* at 162. Shortly after takeoff, it did. *Id.* at 161. Peterson stated his body began shaking from the turbulence, and he "hear[d] a pop" in his neck. *Id.* at 163–64. Shortly thereafter, he began feeling pain in his neck. *Id.* at 164. Peterson could not remember how long the turbulence lasted, as he was focused on calming his daughter. *Id.* at 163.

- 1 -

After the flight, Peterson was in significant pain. *Id.* at 167. In the months following the flight, Peterson visited several doctors and ultimately had an anterior fusion surgery to address the pain in his neck. *Id.* at 170–71. While the surgery helped alleviate much of the pain, Peterson continues to suffer from airplane-related nightmares, anxiety, and depression. *Id.* at 158–59, 165, 173–75.

On June 7, 2021, Peterson filed his Original Petition against Southwest in the District Court of Dallas County, Texas, 298th Judicial District. Doc. 1-6, Orig. Pet. He brought claims for negligence, negligence per se, and gross negligence, alleging Southwest breached a duty of care by flying directly into adverse weather conditions. *Id.* ¶¶ 15, 21. Peterson alleges that Southwest, its dispatcher, and its pilot knew of weather conditions that would impact the planned flight path and failed to take reasonable action to protect the passengers onboard the aircraft. *Id.* ¶ 9. He claims this breach caused him spinal injury and relapse of post-traumatic stress disorder. *Id.* ¶¶ 10–11. Southwest removed the case to this Court on June 7, 2021. Doc. 1, Not. Removal.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The summary-judgment movant bears the burden of proving that no genuine issue of material fact exists. *Latimer v. Smithkline & French Lab'ys*, 919 F.2d 301, 303 (5th Cir. 1990). The substantive law governing a matter determines which facts are material to a case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Usually, the movant must identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions

on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quotation omitted). However, "[i]f the burden at trial rests on the non-movant, the movant must merely demonstrate an absence of evidentiary support in the record for the non-movant's case." *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000) (citing *Celotex*, 477 U.S. at 322).

Once the summary-judgment movant has met this burden, the burden shifts to the non-movant to "go beyond the pleadings and designate specific facts" showing that a genuine issue exists. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam) (citing *Celotex*, 477 U.S. at 325). "This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Id.* (quotations omitted). Instead, the non-moving party must "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis and quotation omitted).

"[C]ourts are required to view the facts and draw reasonable inferences in the light most favorable to the [non-movant]." *Scott v. Harris*, 550 U.S. 372, 378 (2007) (quotation omitted). But the Court need not "sift through the record in search of evidence to support a party's opposition to summary judgment." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (quotation omitted). If the non-movant is unable to make the required showing, the Court must grant summary judgment. *Little*, 37 F.3d at 1076.

III.

ANALYSIS

Peterson brings claims of negligence, negligence per se, and gross negligence. *See* Doc. 1-6, Orig. Pet, ¶¶ 15, 21. Southwest argues Peterson has not provided sufficient evidentiary support for each of these claims. First, the Court addresses negligence and gross negligence. Then it turns to negligence per se. After reviewing the evidence, the Court finds that Peterson has not demonstrated a genuine dispute of material fact on any of his claims. The Court further finds Southwest is entitled to judgment as a matter of law. Thus, Southwest's Motion for Summary Judgment (Doc. 35) is **GRANTED**.

A.     *Peterson Failed to Show Breach of Duty to Support His Negligence and Gross Negligence Claims*

Peterson brings negligence and gross negligence claims against Southwest. *Id.* ¶¶ 13–15. Under Texas law, "[t]he elements of a negligence cause of action are the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach." *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004). In Texas, "gross negligence is not a separate cause of action apart from negligence. Rather, the degree of negligence characterized as gross negligence is relevant only to a recovery of exemplary damages . . . ." *RLI Ins. Co. v. Union Pac. R.R.*, 463 F. Supp. 2d 646, 649–50 (S.D. Tex. 2006) (citation omitted). Thus, to recover for gross negligence, a plaintiff must prove each element of negligence. *See Driskill v. Ford Motor Co.*, 269 S.W.3d 199, 206 (Tex. App.—Texarkana 2008, no pet.) ("A defendant cannot be grossly negligent without being negligent.") (quotation omitted). Southwest argues it is entitled to summary judgment on Peterson's negligence and gross negligence claims because Peterson has not presented competent evidence that Southwest breached a duty of care. Doc. 35, Mot., ¶¶ 10, 17. The Court agrees.

- 4 -

"Federal courts look to state law . . . to determine the general kind of evidence necessary to establish a particular state law cause of action." *Wackman v. Rubsamen*, 602 F.3d 391, 400 n.2 (5th Cir. 2010). The Fifth Circuit has explained, in the context of judgment as a matter of law, "[W]e apply federal standards of review to assess the sufficiency or insufficiency of the evidence in relation to the verdict, but in doing so we refer to state law for the kind of evidence that must be produced to support a verdict." *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 884 (5th Cir. 2004) (quotation omitted). Thus, courts sitting in diversity will look to state law to determine whether expert evidence is necessary to prove an element of a state law claim and thus survive summary judgment on that claim. *See, e.g., Qualls v. State Farm Lloyds*, 226 F.R.D. 551, 554 (N.D. Tex. 2005) (Godbey, J.). So to determine whether expert testimony is required to prove breach in this case, the Court looks to Texas law.

When a plaintiff alleges negligence that "is of such a nature as not to be within the experience of the layman," the plaintiff must prove negligence with expert testimony. *Roark v. Allen*, 633 S.W.2d 804, 809 (Tex. 1982). "In determining whether expert testimony is necessary to establish negligence, Texas courts have considered whether the conduct at issue involves the use of specialized equipment and techniques unfamiliar to the ordinary person." *FFE Transp. Servs., Inc. v. Fulgham*, 154 S.W.3d 84, 91 (Tex. 2004).

"Piloting an airplane is not within the realm of experience of the ordinary prudent person or juror." *Bevers v. Gaylord Broad. Co., L.P.*, 2002 WL 1582286, at *4 (Tex. App.—Dallas July 18, 2002, pet. denied) (not designated for publication). Thus, a plaintiff alleging negligence in piloting an airplane must establish a breach of duty with expert testimony. *McKinney v. Air Venture Corp.*, 578 S.W.2d 849, 851 (Tex. Civ. App.—Fort Worth 1979, writ ref'd n.r.e.); *Cunningham v. Am.*

*Airlines, Inc.*, 1993 WL 307391, at *2 (Tex. App.—Dallas Aug. 5, 1993, writ denied) (not designated for publication) (holding that, in a case alleging negligence in flying and landing an aircraft, "expert testimony was required in this case to establish a breach of the pilots' standard of care").

The Court is not aware of any Texas authority addressing whether expert testimony is necessary to establish a breach of a duty of care in airplane dispatch. Where the Texas Supreme Court has not ruled on an issue of Texas law, the Court must make an "*Erie* guess" and "determine as best it can" what the Texas Supreme Court would decide. *See Howe ex rel. Howe v. Scottsdale Ins. Co.*, 204 F.3d 624, 627 (5th Cir. 2000). Because airplane dispatch "involves the use of specialized equipment and techniques unfamiliar to the ordinary person," the Court concludes airplane dispatch is not within the realm of experience of the ordinary prudent person or juror. *See FFE Transp.*, 154 S.W.3d at 91. Thus, the Court determines the Texas Supreme Court would hold that breach of a duty of care in airplane dispatch, like a breach in piloting an aircraft, must be established by expert testimony.

Importantly, merely providing expert testimony establishing the existence of a duty is insufficient. *See Hager v. Romines*, 913 S.W.2d 733, 735 (Tex. App.—Fort Worth 1995, no writ). In *Hager*, the defendant, an aircraft pilot, "testified as an expert about the standard of care applicable to aerial applicators . . . . [and] also testified that he had not breached that standard of care." *Id.* The court held the plaintiffs failed to "present[] sufficient evidence of breach of the duty of care to raise a fact issue on that element." *Id.* It reasoned, "[t]he [plaintiffs] needed to controvert [the defendant's] testimony with their own *expert testimony* so that [the defendant's] testimony about *his compliance with the standard of care* would not be conclusive." *Id.* (emphasis added).

- 6 -

Peterson does not cite any expert testimony to support his allegation that Southwest breached a duty of care.[1] Instead, Peterson argues that he has produced expert testimony establishing a duty of care. *See* Doc. 36, Resp., ¶¶ 7–19; Doc. 39, Suppl. Resp., ¶¶ 8–13. He contends, "the testimony in this case establishes the duties (standard of care) owed by Southwest Airline, sufficient for a jury to determine whether or not those duties were breached." Doc. 39, Suppl. Resp., ¶ 13. The Court disagrees. Peterson must present expert testimony showing that Southwest *breached* a duty of care, not merely that Southwest *had* a duty of care. *See Hager*, 913 S.W.2d at 735. Peterson presents no such evidence, and the Court need not sift through the record looking for some. *See Ragas*, 136 F.3d at 458. Peterson's designated expert, John Cox, has testified to the duty of care the pilot owed, but he did not testify that Southwest breached that duty or a duty of care in airplane dispatch. *See* Doc. 39-1, Cox Dep. Peterson has not identified any expert testimony that shows Southwest breached a duty to Peterson, so there is no dispute of material fact concerning whether Southwest breached. Because Peterson has not provided competent evidence for an essential element of his negligence and gross negligence claims, the Court **GRANTS** summary judgment on those claims.

B.     *Peterson Did Not Timely Allege a Statutory Basis for His Negligence Per Se Claim*

Peterson also brings a negligence per se claim against Southwest. Doc. 1-6, Orig. Pet., ¶¶ 13–15. "Negligence per se is a common-law doctrine that allows courts to rely on a penal statute

---

[1] Peterson argues, "The breach of duty comes not from the mechanical operation of the aircraft, but from the decision to dispatch the flight . . . instead of either delaying the flight, or routing it in a different take-off pattern." Doc. 36, Resp., ¶ 5. Peterson contends Southwest's Motion does not address his arguments regarding negligent dispatch, and the Motion must therefore be denied. *Id.* ¶ 6. Although its Motion for Summary Judgment focuses on the alleged negligence of the pilots, Southwest also states, "[Southwest] is entitled to summary judgment because [Peterson] has not and cannot put forth expert testimony to prove [Southwest] breached any duty owed to [Peterson]." Doc. 35, Mot., ¶ 10. Because Southwest's Motion argues an absence of evidentiary support for the "breach[] [of] any duty," *see id.*, the Court finds Southwest properly challenged the sufficiency of Peterson's evidence on negligent dispatch.

to define a reasonably prudent person's standard of care." *Reeder v. Daniel*, 61 S.W.3d 359, 361–62 (Tex. 2001). In Texas, "[t]o establish negligence per se, a plaintiff must prove: (1) the defendant's act or omission is in violation of a statute or ordinance; (2) the injured person was within the class of persons which the ordinance was designed to protect; and (3) the defendant's act or omission proximately caused the injury." *Ambrosio v. Carter's Shooting Ctr., Inc.*, 20 S.W.3d 262, 265 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

Only a violation of a "penal statute" can serve as the basis for a negligence per se claim. *See Smith v. Merritt*, 940 S.W.2d 602, 607 (Tex. 1997). "A 'penal statute' is one that defines a criminal offense and specifies a corresponding fine, penalty, or punishment." *Pack v. Crossroads, Inc.*, 53 S.W.3d 492, 509 (Tex. App.—Fort Worth 2001, pet. denied). And even a violation of a penal statute is not automatically negligence per se; rather, courts only apply the doctrine of negligence per se after determining whether a penal statute "provide[s] an appropriate basis for civil liability." *See Perry v. S.N.*, 973 S.W.2d 301, 304 & n.4 (Tex. 1998).

Southwest argues it is entitled to summary judgment on Peterson's negligence per se claim because Peterson has not alleged a specific statute that Southwest violated. Doc. 35, Mot., ¶ 16. Peterson admits his "Petition . . . did not cite the specific Federal Aviation Regulations that Southwest Airlines had breached." Doc. 36, Resp., ¶ 29. He nonetheless argues the Petition "sufficiently identified them" given Southwest's status as "a sophisticated airline defendant who possesses intimate knowledge of the specific standards summarized by the Petition." *Id.* This implicit "identifi[cation]" is insufficient.

"[W]ithout an allegation that a statute has been violated, a complaint cannot state a claim for negligence per se." *Del Castillo v. PMI Holdings N. Am. Inc.*, 2016 WL 3745953, at *5 (S.D. Tex.

July 13, 2016); *accord Allison v. J.P. Morgan Chase Bank, N.A.*, 2012 WL 4633177, at *14 (E.D. Tex. Oct. 2, 2012). Peterson cites several Federal Aviation Regulations in his Response to the Motion for Summary Judgment, but the Court finds these citations are too late. A plaintiff cannot "hide the ball" concerning his claims until after discovery has concluded, only to perfect his pleadings in summary judgment briefing.

Even if the court deemed the citation timely, the Federal Aviation Regulations Peterson cites—14 C.F.R. §§ 121.463, 121.599, and 121.601—are not penal statutes. Thus, they cannot form the basis of a negligence per se claim. *See Ridgecrest Ret. & Healthcare v. Urban*, 135 S.W.3d 757, 762 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) ("A violation of a non-penal administrative code statute does not establish a negligence per-se claim.").

Because Peterson did not timely identify a statutory basis for his negligence per se claim, summary judgment is proper. *See Watkins v. Cornell Cos., Inc.*, 2013 WL 1914713, at *5 (N.D. Tex. Mar. 15, 2013) (Horan, Mag. J.), *report and recommendation adopted*, 2013 WL 1926375 (N.D. Tex. May 8, 2013) (Lynn, J.). Therefore, the Court **GRANTS** summary judgment on Peterson's negligence per se claim.

## IV.

## CONCLUSION

The Court finds Peterson failed to provide the expert testimony necessary to show a breach of duty for his negligence and gross negligence claims. Additionally, he did not timely allege a violation of a penal statute to support his negligence per se claim. Accordingly, the Court **GRANTS** Southwest's Motion for Summary Judgment (Doc. 35).

SO ORDERED

SIGNED: March 29, 2023.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE